1    **WO**

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    Lucy M Aguayo,                    )    CIV 15-2224-PHX-MHB
                                       )
10                  Plaintiff,         )    **ORDER**
                                       )
11   vs.                               )
                                       )
12   Commissioner of the Social Security)
     Administration,                   )
13                                     )
                    Defendant.         )
14   _____ )

15          Pending before the Court is Plaintiff Lucy M. Aguayo's appeal from the Social

16   Security Administration's final decision to deny her claim for disability insurance benefits

17   and supplemental security income.  After reviewing the administrative record and the

18   arguments of the parties, the Court now issues the following ruling.

19                        **I.  PROCEDURAL HISTORY**

20          On May 21, 2012 and October 23, 2013, respectively, Plaintiff filed applications for

21   disability insurance benefits and supplemental security income alleging disability beginning

22   March 1, 2011. (Transcript of Administrative Record ("Tr.") at 29, 149-51, 163-73.) Her

23   applications were denied initially and on reconsideration. (Tr. at 68-92.) Thereafter, Plaintiff

24   requested a hearing before an administrative law judge. A hearing was held on April 17,

25   2014, (Tr. at 44-67), and the ALJ issued a decision finding that Plaintiff was not disabled on

26   June 6, 2014 (Tr. at 26-42). The Appeals Council denied Plaintiff's request for review (Tr.

27   at 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff then

28   sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The Court must affirm the ALJ's findings if the findings are supported by substantial evidence and are free from reversible legal error.  See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990).  Substantial evidence means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see Reddick, 157 F.3d at 720.

In determining whether substantial evidence supports a decision, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Reddick, 157 F.3d at 720.  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, the court may not substitute its judgment for that of the [Commissioner]."  Reddick, 157 F.3d at 720-21.

## III.  THE ALJ'S FINDINGS

In order to be eligible for disability or social security benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An ALJ determines a claimant's eligibility for benefits by following a five-step sequential evaluation:

(1)  determine whether the applicant is engaged in "substantial gainful activity";

(2)  determine whether the applicant has a medically severe impairment or combination of impairments;

(3)  determine whether the applicant's impairment equals one of a number of listed impairments that the Commissioner acknowledges as so severe as to preclude the applicant from engaging in substantial gainful activity;

(4) if the applicant's impairment does not equal one of the listed impairments, determine whether the applicant is capable of performing his or her past relevant work;

(5) if the applicant is not capable of performing his or her past relevant work, determine whether the applicant is able to perform other work in the national economy in view of his age, education, and work experience.

See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920).  At the fifth stage, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful work.  See Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 1, 2011 – her alleged onset date.  (Tr. at 31.)  At step two, she found that Plaintiff had the following severe impairments: diabetes mellitus type II, neuropathy, coronary artery disease, and high blood pressure. (Tr. at 31-33.) At step three, the ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Commissioner's regulations.  (Tr. at 33.)  After consideration of the entire record, the ALJ found that Plaintiff retained "the residual functional capacity to sit 6 hours out of an 8-hour day; stand 6 hours out of an 8-hour day; walk 6 hours out of an 8-hour day; occasionally lift and carry 20 pounds; frequently lift and carry 10 pounds; occasionally climb stairs; never climb ladders; occasionally balance, stoop, kneel, crouch and crawl; do gross handling, fine feeling and fingering on a frequent basis only bilaterally; should avoid concentrated exposure to heights, moving machinery, dust, fumes, smoke and temperature extremes; occasional is defined as very little to one-third of the time; frequent is defined as one-third to two-thirds of the time."[1] (Tr. at 34-35.) The ALJ determined that Plaintiff was unable to perform any past relevant work, but based on her age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that

---

[1] "Residual functional capacity" is defined as the most a claimant can do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks.

Plaintiff could perform. (Tr. at 36-37.) Therefore, the ALJ concluded that Plaintiff has not been under a disability from March 1, 2011, through the date of her decision. (Tr. at 37-38.)

## IV. DISCUSSION

In her brief, Plaintiff contends that the ALJ erred by: (1) failing to properly consider her subjective complaints; (2) failing to properly assess her "nosebleeds" and alleged mental impairments as "severe" impairments; and (3) failing to properly represent Plaintiff's "physical limitations regarding her feet and ankles" in the residual functional capacity assessment.

The Court first addresses the ALJ's consideration of Plaintiff's subjective complaints.

To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ must engage in a two-step analysis. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.' The claimant, however, 'need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" Lingenfelter v. Astrue, 504 F.3d 1028, 1036-37 (9th Cir. 2007) (citations omitted). "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Id. at 1037 (citations omitted). General assertions that the claimant's testimony is not credible are insufficient. See Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." Id. (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)).

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily

1   activities." <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th Cir. 1996); <u>see</u> <u>Orn v. Astrue</u>, 495

2   F.3d 624, 637-39 (9th Cir. 2007).[2]  The ALJ also considers "the claimant's work record and

3   observations of treating and examining physicians and other third parties regarding, among

4   other matters, the nature, onset, duration, and frequency of the claimant's symptom;

5   precipitating and aggravating factors; [and] functional restrictions caused by the symptoms

6   ... ." <u>Smolen</u>, 80 F.3d at 1284 (citation omitted).

7       At the April 17, 2014 hearing, Plaintiff testified that she became disabled in March

8   2011, because she had always worked jobs requiring ten to twelve hours of standing and she

9   could no longer do this. (Tr. at 49.) She reported that she gets nose bleeds three to four times

10  a day and that she falls three to four times a week. (Tr. at 58, 60.) Plaintiff said she spends

11  all day sleeping and watching television. (Tr. at 52.) She testified that her pain is the ten out

12  of ten – with ten being the worst level – even with medication. (Tr. at 57.) Plaintiff reported

13  she could sit for up to twenty minutes, stand for up to twenty minutes, and lift up to five

14  pounds. (Tr. at 56.) She also said she has difficulty using her hands. (Tr. at 61.)

15      In her decision, the ALJ concluded that Plaintiff's medically determinable

16  impairments could reasonably be expected to produce the alleged symptoms, but found that

17  Plaintiff's statements concerning the intensity, persistence and limiting effects of these

18  symptoms are not entirely credible. In addressing and ultimately discounting Plaintiff's

19  credibility, the ALJ relied solely on her objective medical findings.

20      Although objective medical evidence is a relevant factor in determining the severity

21  of a claimant's pain and its disabling effects, a claimant's subjective pain testimony cannot

22  be rejected solely on the ground that it is not fully corroborated by objective medical

23

24      [2] With respect to the claimant's daily activities, the ALJ may reject a claimant's

25  symptom testimony if the claimant is able to spend a substantial part of her day performing
    household chores or other activities that are transferable to a work setting. See <u>Fair v. Bowen</u>,

26  885 F.2d 597, 603 (9th Cir. 1989). The Social Security Act, however, does not require that

27  claimants be utterly incapacitated to be eligible for benefits, and many home activities may
    not be easily transferable to a work environment where it might be impossible to rest

28  periodically or take medication. See <u>id.</u>

1  evidence.  See Rolling v. Massanari, 261 F.3d 853, 957 (9th Cir. 2001). See also Reddick, 157

2  F.3d at 723 ("Once the claimant produces medical evidence of an underlying impairment, the

3  Commissioner may not discredit the claimant's testimony as to the severity of symptoms

4  merely because the are unsupported by objective medical evidence."). Instead, "the absence

5  of objective medical evidence supporting an individual's statements about the intensity and

6  persistence of pain or other symptoms is only one factor that the adjudicator must consider

7  in assessing an individual's credibility and must be considered in the context of all the

8  evidence." SSR 96-7p.  Accordingly, in the instant matter, the Court finds that the ALJ erred

9  in that the credibility determination cannot be based solely on objective medical evidence.

10      Further, since there was no finding of malingering, the ALJ's reasons for discrediting

11  Plaintiff's testimony must be "clear and convincing."  Here, the ALJ took into account only

12  one factor: the objective medical evidence.  This reason alone is not clear and convincing.

13      Therefore, in light of the fact that the Court finds that the ALJ's reason for

14  discrediting Plaintiff's subjective symptom testimony was legally insufficient, the Court

15  declines to reach Plaintiff's remaining arguments. The Court will order that the decision of

16  the ALJ be vacated and the case be remanded.

17      "[R]emand for further proceedings is appropriate where there are outstanding issues

18  that must be resolved before a determination can be made, and it is not clear from the record

19  that the ALJ would be required to find claimant disabled if all the evidence were properly

20  evaluated."  Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (citing Vasquez v. Astrue,

21  572 F.3d 586, 593 (9th Cir. 2009)).  "[T]he proper course, except in rare circumstances, is

22  remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S.

23  12, 16 (2002) (per curiam).  The Ninth Circuit has held that when "additional proceedings

24  can remedy defects in the original administrative proceeding, a social security case should

25  be remanded."  Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) (remanding "to the

26  Secretary for proper consideration of step three equivalence").  Here, the record contains

27  evidentiary conflicts that make an award of benefits inappropriate and require further

28

evaluation on remand. Specifically, remand is appropriate for a renewed residual functional capacity assessment, which accurately addresses Plaintiff's credibility.

### V.  CONCLUSION

For the reasons discussed in this Order, the Commissioner's decision will be vacated and this matter will be remanded for further administrative proceedings consistent with this Order.

Accordingly,

**IT IS ORDERED** that the Commissioner's decision is **VACATED** and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth in this Order;

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 24th day of March, 2017.

Michelle H. Burns
United States Magistrate Judge