**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lucy M. Aguayo,<br><br>    Plaintiff,<br><br>vs.<br><br>Nancy A. Berryhill, Commissioner of the<br>Social Security Administration,<br><br>    Defendant. | CIV 15-2224-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Amend/Alter Judgment Under Fed.R.Civ.P. 59(e) (Doc. 26).

Plaintiff Lucy M. Aguayo appealed the Social Security Administration's final decision to deny her claim for disability insurance benefits and supplemental security income. This Court, after reviewing the administrative record and the arguments of the parties, vacated the Commissioner's decision and remanded this matter for further administrative proceedings. Specifically, in its decision, the Court first addressed the ALJ's consideration of Plaintiff's credibility. The Court found that the ALJ erred by rejecting Plaintiff's credibility solely on the objective medical evidence. The Court stated:

> Although objective medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects, a claimant's subjective pain testimony cannot be rejected solely on the ground that it is not fully corroborated by objective medical evidence. See Rollin[s] v. Massanari, 261 F.3d 853, 957 (9th Cir. 2001). See also Reddick, 157 F.3d at 723 ("Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because the are unsupported by objective medical evidence."). Instead, "the absence of objective medical evidence supporting an

individual's statements about the intensity and persistence of pain or other symptoms is only one factor that the adjudicator must consider in assessing an individual's credibility and must be considered in the context of all the evidence." SSR 96-7p. Accordingly, in the instant matter, the Court finds that the ALJ erred in that the credibility determination cannot be based solely on objective medical evidence.

The Court also found that "since there was no finding of malingering, the ALJ's reasons for discrediting Plaintiff's testimony must be 'clear and convincing.' Here, the ALJ took into account only one factor: the objective medical evidence. This reason alone is not clear and convincing." In light of the fact that the Court found that the ALJ's reason for discrediting Plaintiff's subjective symptom testimony was legally insufficient, the Court declined to reach Plaintiff's remaining arguments, and ordered that the decision of the ALJ be vacated and the case be remanded.

"A Rule 59(e) motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" McQuillion v. Duncan, 342 F.3d 1012, 1014 (9th Cir. 2003) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). Such motions are disfavored and are not the place for parties to make new arguments not raised in their original briefs. See LRCiv 7.2(g); Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Nor should such motions ask the Court to "rethink what the court has already thought through-rightly or wrongly." See United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

In her Motion, the Commissioner requests that the Court amend or correct the judgment under Fed.R.Civ.P. 59(e) and enter judgment affirming the Commissioner's decision. Citing to Rollins v. Massanari, 261 F.3d 853 (9th Cir. 2001) and Carmickle v. Comm'r of Soc. Sec., 533 F.3d 1155 (9th Cir. 2008), the Commissioner contends that, in finding the ALJ erred by rejecting Plaintiff's credibility solely on the objective medical evidence, the Court committed clear error because it failed to distinguish between (1) cases in which the "objective medical evidence" consists of "merely signs and test results," and (2)

cases in which the "objective medical evidence" includes a medical opinion. The Commissioner states that Rollins only addresses cases in which the "objective medical evidence is merely signs and test results," and states that Carmickle included a medical opinion that constituted "a sufficient basis for rejecting the claimant's subjective testimony." The Commissioner argues that the Ninth Circuit "clearly found this sort of conflict with the medical record (or objective medical evidence) – i.e., a conflict with a medical opinion – to be distinguishable from the conflict with the medical record addressed in *Rollins* because, in *Carmickle*, the Ninth Circuit specifically cited to *Rollins* ... ." The Commissioner contends that this case "is controlled by *Carmickle* because the ALJ rejected Aguayo's subjective complaints in favor of the examining opinions of Joanna Krabbenhoft, Psy.D., Tr. 32, 636, and Richard Palmer, M.D. Tr. 35, 641-43."

It is undisputed that "once the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain," Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991), and that "[w]hile subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects," Rollins, 261 F.3d at 957. It is further undisputed that "[c]ontradiction with the medical record is a sufficient basis for rejecting [a] claimant's subjective testimony." Carmickle, 533 F.3d at 1161.

In the instant matter, the ALJ's credibility analysis set forth in her discussion of Plaintiff's residual functional capacity assessment consisted exclusively of "merely signs and test results." The ALJ's entire credibility discussion "in which the 'objective medical evidence' include[d] a medical opinion" consisted of the following sentence: "Dr. Palmer found the claimant capable of a range of light work." The ALJ failed to provide any further analysis or discussion regarding Dr. Palmer's medical opinion in her credibility finding. The Court fails to construe or consider the ALJ's single sentence as a "[c]ontradiction with the medical record" sufficient for "rejecting [a] claimant's subjective testimony."

An ALJ's findings "'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) (quoting Bunnell, 947 F.2d at 345-46). A reviewing court should not have to speculate regarding the ALJ's grounds for rejecting a claimant's subjective symptom testimony, see Bunnell, 947 F.2d at 346, and "implicit" findings that a claimant's testimony is not credible are insufficient, see Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990). The ALJ's full credibility analysis stated, as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.
>
> In terms of the claimant's coronary artery disease, there is no evidence of significant symptoms following angioplasty in 2012. The claimant was evaluated in September 2013 for chest wall pain due to a fall while intoxicated. Angiogram showed no acute abnormality. Cardiac enzymes were negative. EKG showed normal sinus rhythm. (Exhibit l0F, pp. 129-132, 139.)
>
> The claimant has a history of epistaxis both prior to and subsequent to angioplasty. (Exhibits 1F, p. 9; 7F, p. 13.) There is no evidence of any significant limitation due to frequent nosebleeds. There is no evidence of treatment for varicose veins. There is no evidence of reported functional limitations related to this condition.
>
> The claimant's hypertension is controllable with medication. Diabetes has been reported as controlled with medication and diet compliance. It is noted that although the claimant testified to doing only limited activities during the day and requiring assistance from her husband and other family members, she reported in [] March 2013 that she had not been taking care of her diabetes due to being too busy with caring for others. (Exhibit 7F, pp. 7-9.) Other treatment notes indicate that the claimant's husband is disabled (Exhibit 5F) and her daughter is disabled (Exhibit 4F, p. 3).
>
> To evaluate the claimant's functioning, [s]he was asked to attend a consultative examination in November 2012 conducted by Dr. Richard Palmer. The claimant reported having an acute myocardial infarction and stent placement in April 2012. She reported residuals of easy fatigability and loss of stamina with mild moderate physical exertion. She mentioned insomnia at night; she commonly slept during the day. She reported bipedal edema and peripheral neuropathy with numbness and burning affecting the soles of both feet, aggravated by standing and walking. She was unable to wear closed shoes. On examination, the claimant moved slowly with a slightly wide-based gait. She was unable to perform any maneuvers for testing of balance. There was trace to mild bipedal edema. There were multiple varicosities at both ankles without erythematous warmth or tenderness. Strength was normal in the

upper and lower extremities. Sensation was diminished in the fingertips and in the soles of the feet to the ankles. Dr. Palmer found the claimant capable of a range of light work. (Exhibit 5F.)

Thus, finding that the ALJ's one-sentence statement regarding Dr. Palmer's opinion failed to constitute a "[c]ontradiction with the medical record" sufficient for "rejecting [a] claimant's subjective testimony" and, therefore, finding that the ALJ rejected Plaintiff's subjective pain testimony solely on the ground that it was not fully corroborated by the objective medical evidence contrary to Rollins, the Court finds that the Commissioner fails to satisfy the standards for reconsideration. The Commissioner has not presented newly discovered evidence, shown the Court committed clear error or the initial decision was manifestly unjust, or revealed an intervening change in controlling law. The Commissioner has not demonstrated that this is one of the rare circumstances where a motion for reconsideration should be granted.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Amend/Alter Judgment Under Fed.R.Civ.P. 59(e) (Doc. 26) is **DENIED**.

DATED this 21st day of November, 2017.

*/s/ Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge